[No. 4898.   Decided February 21, 1905.]

Paul W. Law, *Appellant,* v. E. A. Seeley, *et al.,*
*Respondents.*[1]

APPEAL AND ERROR—REVIEW—IMPROPER EVIDENCE ON TRIAL DE
NOVO.   Where the cause is tried *de novo* on appeal, improper evi-
dence is not ground for reversal, since it will be disregarded.

SAME—REVIEW OF FINDINGS—CONFLICTING EVIDENCE.   The find-
ings of the trial court will not be disturbed when justified by the
whole evidence, and there is an irreconcilable conflict in the testi-
mony.

Appeal by plaintiff from a judgment of the superior

1Reported in 79 Pac. 606.

court for King county, Tallman, J., entered June 16, 1903, upon findings of the court after a trial on the merits without a jury, determining the amount of plaintiff's commissions upon a sale. Affirmed.

*Morton E. Stevens,* for appellant.

Mount, C. J.—The respondent Seeley in 1901 had a bond on some mining property which he desired to sell. In November of that year he entered into an oral agreement with the appellant, whereby appellant was to find a purchaser for the said property, and respondent Seeley was to divide the profits with appellant on such sale "in such proportion as would be just and right." Appellant found a purchaser, and the profits on the sale amounted to $13,-500 in cash, and 9,000 shares of the capital stock of the Mexican Mines & Industrials Company, a corporation. Appellant thereupon claimed an equal division of such profits, which respondent Seeley refused to pay. This suit was brought to collect the amount claimed. Upon the allegations of the complaint, an injunction was issued, issues were made up, and the cause tried to the lower court without a jury. Upon the trial the court found the profits as above stated, but that respondent had expended the sum of $2,101 in procuring the sale, and that appellant was entitled to ten per cent of the net profits of the sale under the agreement, and entered judgment accordingly. Plaintiff appeals.

Several assignments of error are made but only two are presented here, viz.: (1) that the court improperly admitted certain evidence, and (2) that the findings were not in accordance with the preponderance of the evidence. Conceding that improper evidence was admitted, the cause is examined here *de novo,* and such evidence is disregarded. A case tried by the court will, therefore, not be reversed on

that ground.    Upon the question of fact, appellant con-
tends that the preponderance of the evidence is to the effect
that he is entitled to an equal division of the profits of the
sale.    We have examined the evidence upon this point and
find an irreconcilable conflict therein.    Many witnesses
say that the usual division under such contract is fifty
per cent; others, that the customary and usual division
varies from two and one-half to ten per cent of the net
profits.    The lower court found that ten per cent was
just and right.    From the whole evidence we think the
lower court was justified in making this finding.

The judgment is therefore affirmed.

DUNBAR, FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.